### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE DMCA § 512**<br>**SUBPOENA TO X CORP.** | **CIVIL ACTION**<br><br>**NO. 25-MC-474**<br><br>**SECTION L(1)** |

### ORDER & REASONS

Before the Court is Plaintiff James Reeves' Motion for the issuance of a subpoena to X Corp. R. Doc. 1. Plaintiff also filed a request to amend this motion to add certain exhibits. R. Doc. 3. Plaintiff's request to amend, R. Doc. 3, is **GRANTED.** Thus, the Court will consider the exhibits attached to R. Doc. 3 in conjunction with Plaintiff's motion, R. Doc. 1. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

### I.  BACKGROUND

This suit arises from alleged copyright infringement. Plaintiff James Reeves alleges that he is a "professional content creator and operates multiple firearm and law-related media channels, including YouTube.com/TFBTV (~1.5M subscribers) and YouTube.com/JamesReeves (~200K subscribers)." R. Doc. 1 at 1. He avers that he posted a video on his own X account depicting him firing a Glock pistol. *Id.* at 2. Thereafter, he avers that another X user, known by the username @BasedSolutions1, "unlawfully reposted this content without authorization and refused to remove it when requested." *Id.* Plaintiff avers that instead of complying with Plaintiff's request to remove the infringing video, the infringing user made a post on X where he "openly admitted knowledge of the copyright violation and responded with defiance" and made lewd remarks toward Plaintiff. *Id.* An apparent screenshot of the post is attached to Plaintiff's motion. R. Doc. 3-2 at 1. Plaintiff alleges that "[w]hat followed was a confused and repetitive string of lewd, sexually suggestive, and offensive comments and memes posted by the infringing user, targeting Mr. Reeves and users who pointed out

to the infringing user that his refusal to remove the content was morally and/or legally wrong." R. Doc. 1 at 3.

Plaintiff avers that he submitted a complaint to X Corp. pursuant to the Digital Millenium Copyright Act ("DMCA") requesting that X Corp. remove the infringing material. *Id.* He avers that "X reviewed the complaint and subsequently removed the infringing material from the infringing account, affirming its violative nature under the DMCA." *Id.* He attaches an apparent screenshot of an email sent by X Corp. confirming that it has removed the infringing material. R. Doc. 3-1 at 3.

## II.  PRESENT MOTION

Defendant requests that this Court issue a subpoena to X Corp. requiring it to produce information regarding the identity of the alleged infringing user pursuant to 17 U.S.C. § 512(h). R. Doc. 1. Specifically, he seeks "all identifying information associated with the infringing user @BasedSolutions1, including but not limited to: full legal name, physical address, email address(es), IP address(es) used to post the infringing content, account creation date, and any other identifying information reasonably necessary to identify and contact the infringer." *Id.* at 4.

## III. LAW & ANALYSIS

The DMCA, 17 U.S.C. § 512(h), which addresses the procurement of a "subpoena to identify Infringer," provides as follows:

(1) Request.— A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

(2) Contents of request.—The request may be made by filing with the clerk—
(A) a copy of a notification described in subsection (c)(3)(A);
(B) a proposed subpoena; and
(C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

(3) Contents of subpoena.—The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner

or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.

Here, the Court finds that Plaintiff has made a sufficient preliminary showing as to these requirements. First, as to § 512(h)(1), Plaintiff indeed appears to be the copyright owner of the original video based on the evidence submitted. Second, as to § 512(h)(2), Plaintiff has attached all required information to his filing. As to the "notification described in subsection (c)(3)(A)," Plaintiff attaches a copy of the complaint he allegedly provided to X Corp., which appears to contain all required information.[1] R. Doc. 3-1 at 1-2 (showing Plaintiff's contact information, signature, URLs of the original and infringing work, and statements of good faith and authorization to act on behalf of the owner of the copyright). He also attaches a proposed subpoena and states in his briefing that he "certifies that the information sought is necessary for the enforcement of valid copyright rights and that this subpoena is not intended for any improper purpose." R. Doc. 3 at 4. Finally, as to § 512(h)(3), the proposed subpoena requests appropriate identifying information.

---

[1] Pursuant to 17 U.S.C. § 512(c)(3)(a), "a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following:

(i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

(ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

(iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.

(iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.

(v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

(vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

Overall, the Court will grant Plaintiff's request to issue a subpoena, but with the following caveats. First, the Court notes that pursuant to Federal Rule of Civil Procedure 45(c)(2), a subpoena may command: "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Here, Plaintiff seeks a subpoena to X Corp., which Plaintiff alleges resides in San Francisco, California. However, Plaintiff designated as his requested place of production: "Melchiode Marks King LLC 639 Loyola Ave., Suite 1800, New Orleans, LA 70113; jreeves@mmkfirm.com." Clearly, New Orleans is not within 100 miles of San Francisco. Accordingly, the Court clarifies that X Corp. may produce the requested information either <u>by mail</u> to the address provided by Plaintiff <u>or by email</u> to the email address provided by Plaintiff (jreeves@mmkfirm.com.) *See* Federal Rule of Civil Procedure 45(d)(3)(A)(ii) (allowing he Court to "modify" a subpoena which "requires a person to comply beyond the geographical limits specified in Rule 45(c)"); *see also Sams v. GA W. Gate, LLC*, 316 F.R.D. 693, 696-97 (N.D. Ga. 2016) ("the court may modify the subpoena . . . to allow service of responsive documents by email").

Next, the Court notes that the proposed subpoena requires X Corp. to respond by March 26, 2025, which is less than a week from the date of issuance of the instant Order. Accordingly, the Court will also modify the proposed subpoena to allow X Corp. until <u>April 4, 2025</u> to respond. *See* Federal Rule of Civil Procedure 45(d)(3)(A)(i) (allowing he Court to "modify" a subpoena which "fails to allow a reasonable time to comply").

Finally, the Court briefly acknowledges that some courts have found that DMCA subpoenas are improperly issued where the Court lacks personal jurisdiction over the subpoenaed party. *See In re: DMCA Section 512(h) Subpoena to Facebook, Inc.*, No. 4:15-MC-0654, 2015 WL 12805630, at *7 (S.D. Tex. Nov. 18, 2015) ("In sum, the rule requires Requestor to go to a court in the district in which Facebook 'resides' to obtain a § 512(h) subpoena."); *In re Subpoena To Univ. of N. Carolina*

*at Chapel Hill*, 367 F. Supp. 2d 945, 957 (M.D.N.C. 2005) ("In the instant case, Section 512(h) says that the copyright owner or agent can seek a subpoena from any district court, but does not say that every district court has jurisdiction to issue a subpoena compelling action from persons outside of the district."). Crucially, however, these courts only undertook such an analysis of personal jurisdiction *after* the subpoenaed party appeared and objected on jurisdictional grounds. Accordingly, the Court will not conduct a *sua sponte* analysis of personal jurisdiction at this time. *See May v. Iowa Dep't of Motor Vehicles*, No. 09-487, 2010 WL 1462353, at *2 (D. Idaho Apr. 8, 2010) ("Because a party can waive personal jurisdiction, this Court declines to *sua sponte* address the issue of personal jurisdiction.").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Issuance of a Subpoena, R. Doc. 1, is **GRANTED**. The Clerk of Court shall issue a subpoena directed to X Corp., requiring the disclosure of identifying information associated with the allegedly infringing X user @BasedSolutions1. The Court has attached the correct version of the subpoena, as modified by the instant Order.

New Orleans, Louisiana on this 21st day of March, 2025.

_____
Eldon E. Fallon
U.S. District Court Judge

5

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| IN RE DMCA § 512(h) SUBPOENA TO X CORP. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  25-474 |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        X Corp., 1355 Market Street, Suite 900, San Francisco, CA 94103

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Identifying information associated with the infringing X user @BasedSolutions1 to include: Full legal name, Physical address, Email address(es), IP address(es) used to post the infringing content, Account creation date, and any other identifying information reasonably necessary to identify and contact the user.

| Place: <u>By mail:</u> Melchiode Marks King LLC<br>        639 Loyola Ave., Suite 1800,<br>        New Orleans, LA 70113 | <u>OR by email:</u><br>jreeves@mmkfirm.com | Date and Time:<br><br>04/04/2025 10:00 am |
|---|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/11/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   James Reeves
_____ , who issues or requests this subpoena, are:

James J. Reeves II, 639 Loyola Ave., Suite 1800, New Orleans, LA 70113; jreeves@mmkfirm.com; 504-336-2880

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____         _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).