| | |
|---|---|
| From: | Swazer, Ari |
| To: | James J. Reeves |
| Cc: | Hawk, Jon; Lang, Erica |
| Subject: | Records Request to X Corp - DMCA Subpoena: @BasedSolutions1 |
| Date: | Monday, June 2, 2025 3:27:01 PM |
| Attachments: | BasedSolutions1 DMCA Subpoena - Response.pdf |

You don't often get email from aswazer@mwe.com. Learn why this is important

Counsel,

Please see attached. We are available to discuss.

Best,

Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP** 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057     **Email** aswazer@mwe.com
Website | vCard | LinkedIn

*************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

EXHIBIT 1



mwe.com

Jon Hawk
Attorney at Law
jhawk@mwe.com
+1 310 788 4181

June 2, 2025

jreeves@mmkfirm.com (jreeves@mmkfirm.com)
Melchiode Marks King LLC
639 Loyola Avenue
Suite 1800
New Orleans, LA 70113

Re: *In re DMCA 512(h) Subpoena to X Corp.,* **No. 2:25-mc-00474 L(2) (United States District Court for the Eastern District of Louisiana)**

Dear Counsel:

We represent X Corp. We are in receipt of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") that you served in connection with the above-referenced action on behalf of James Reeves. ("Reeves"). In accordance with the Federal Rules of Civil Procedure (each, a "Rule"), X Corp. responds to the Subpoena and the document request ("Request") in the Subpoena as follows:

### General Objections

1. The following responses are based on information currently available to X Corp. These responses are given without prejudice to X Corp.'s right to produce or rely on subsequently discovered information.

2. X Corp. objects to each Request to the extent it seeks documents not in X Corp.'s possession, custody, or control.

3. X Corp. objects to all definitions, instructions, and Requests that purport to impose obligations on X Corp. that are different from, in addition to, or greater than those set forth in the Federal Rules of Civil Procedure.

4. X Corp. objects to the Subpoena on the basis that this is the improper forum to bring this action. X Corp. is headquartered in Bastrop, Texas, and thus, this action is more properly brought there.

5. X Corp. objects to the Subpoena to the extent it calls for information to be produced in a form or manner other than that kept by X Corp. in the usual course of its business.

6. X Corp. objects to the extent the Requests call for materials protected by the attorney client privilege, work product doctrine, confidentiality, trade secrets, or any other privilege or protection.



2049 Century Park East Suite 3200   Los Angeles CA 90067-3206   Tel +1 310 277 4110   Fax +1 310 277 4730

US practice conducted through McDermott Will & Emery LLP.

June 2, 2025
Page 2

7. X Corp. objects to the Requests to the extent they exceed the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.* ("SCA"), and to the extent they seek the content of a user's electronic communications, such as messages, posts, comments, photos, or videos, because such a request is barred by the SCA. The SCA does not permit private parties to compel production of the content of a user's electronic communications from service providers such as X Corp. by service of a subpoena or court order, and there is no exception for civil discovery demands. 18 U.S.C. §§ 2702(a)(1), (2); 2702(b)(1)-(8); *see also Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011) (holding that non-governmental entities may not obtain communications content with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect."); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441-47 (2006) (holding that the SCA bars civil litigants from obtaining communications content from a service provider). Such requests must be directed to the user or other non-provider entities. Active users can log into their accounts at any time to preserve, collect, produce, and authenticate their account contents. Various tools are available to help users access and download their information. Descriptions of these tools are available in X Corp.'s Help Center (https://help.X Corp..com/en/managing- your-account/accessing-your-X Corp.-data).

8. X Corp. further objects to the Requests because the materials you provided do not satisfy the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker. *See Smythe v. Does 1-10*, No. 15- mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) (denying the motion to enforce a subpoena against X Corp. where movant failed to overcome user's First Amendment right to anonymous speech). Before a subpoena can issue to a service provider like X Corp. for information regarding the identity of an anonymous internet user, the party seeking the information must first "persuade[] the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005)); *see also Krinsky v. Doe 6*, 159 Cal. App. 4th 1154 (2008) (explaining that a plaintiff seeking to unmask an anonymous speaker must (1) make a reasonable effort to notify the defendant that they are the subject of a subpoena; (2) make a prima facie showing of the elements of defamation; and (3) make clear to the court that the discovery of defendants' identity is necessary to pursue plaintiff's claim). These same safeguards apply in the context of DMCA subpoenas. *See, e.g., In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876-79 (N.D. Cal. June, 21, 2022) ("*Bayside*") (citing *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011)); *Baugher v. GoDaddy.com LLC*, 2021 WL 4942658, at *2-3 (D. Ariz. Oct. 22, 2021). The materials you have provided do not satisfy these requirements.

9. These general objections shall apply to each response, and the general objections shall be deemed as continuing as to each Request and are not waived, or limited, by X Corp.'s specific objections and responses.

10. X Corp. reserves the right to amend, supplement, or otherwise modify its responses and interpose objections not asserted herein. X Corp.'s failure to include any objection to the Requests or any

**McDermott
Will & Emery**

June 2, 2025
Page 3

particular definition is neither intended as, nor shall in any way be deemed, a waiver of X Corp.'s right to assert that or any other objection.

### Specific Responses and Objections

**Request No. 1:**

Full legal name, Physical address, Email address(es), IP address(es) used to post the infringing content, Account creation date, Any other identifying information reasonably necessary to identify and contact the Infringer.

### Alleged Infringing Account:

- @BasedSolutions1

**Response to Request No. 1:**

In addition to the foregoing objections, X Corp. objects to the terms "any other identifying information," and "reasonably necessary" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Subpoena to the extent that it calls for confidential, personal, private, and/or protected information.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Request to the extent that the materials provided do not satisfy the requisite First Amendment safeguards.

X Corp. further objects to this Request as overbroad because X Corp. either does not understand your need for the requested data, or does not believe your request to be appropriately limited to data necessary or relevant for your litigation.

X Corp. objects to the Subpoena to the extent that it seeks deleted content because, to the extent any such data exists, it is not reasonably accessible. *See United States v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 3111972, at *3-7 (N.D. Ill. Oct. 21, 2005) (restoration of deleted content constitutes an "undue burden," and nonparties are not subject to the significant burden of restoring such data).

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce information in response to this Request.

//



June 2, 2025
Page 4

\*   \*   \*

Based on at least the foregoing objections, X Corp. will not be producing any data in response to your Subpoena. Please do not hesitate to contact me if you have any questions. X Corp. otherwise preserves and does not waive any other available objections or rights.

Sincerely,

*[signature]*

Jon Hawk

McDermott
Will & Emery