# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE DMCA § 512(h), SUBPOENA TO X CORP. | CIVIL ACTION NO.: 2:25-mc-00474 |
| | SECTION L(1) |
| | JUDGE:   ELDON E. FALLON |
| | MAGISTRATE:   DONNA PHILLIPS CURRAULT |
| | HEARING DATE: August 6, 2025 |
| | HEARING TIME: 9:00am |

## RESPONDENT (NON-PARTY) X CORP.'S MOTION FOR LEAVE TO FILE SURREPLY

## MOTION FOR LEAVE TO FILE SURREPLY

Pursuant to Local Civil Rule 7.4, Respondent X Corp. hereby respectfully requests leave of Court to file a supplemental memorandum in support of its opposition to Petitioner's motion to compel (Dkt. 15-1). Petitioner's Reply brief (Dkt. 29) improperly raises a host of new arguments that were not raised in the motion to compel and, if the Court is inclined to rely on any of those newly asserted arguments, X Corp. should first be given a chance to respond in full. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004).

X Corp. thus requests that it be provided five business days from the date of any order from this Court to file a surreply (separate from this motion for leave), which surreply would be no more than five pages in length, excluding any caption page, table of authorities, table of contents, or exhibits.

As a general rule, a movant cannot properly assert arguments for the first time in a reply brief. *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief."); *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 745-46 (E.D. La. 2012) ("Courts in the Fifth Circuit have found that a court need not consider new arguments raised for the first time in a summary judgment reply brief."); *Eitzen Bulk A/S v. Capex Indus., Ltd.*, 2010 WL 514257, at *3 (E.D. La. Dec. 13, 2010) (determining that the Court would not consider new arguments regarding the res judicata effect of a prior action because they were raised for the first time in a reply brief). If, however, a court is inclined to consider arguments newly raised in a reply brief, "the court [should] give[] the nonmovant an adequate opportunity to respond." *Murillo v. Coryell Cty. Tradesman LLC*, 2017 WL 1155166, at *3 n.48, 49 (E.D. La. Mar. 28, 2017) (quoting *Vais* and collecting cases); *see also Bailey v. Bd. of Comm'rs of Louisiana Stadium*, 441 F. Supp. 321, 325 n.25 (E.D La. 2020) (same).

Here, Petitioner's Reply raises several new arguments that should be addressed so that the Court has a complete record. Several examples follow.

The Reply argues for the first time that X Corp. purportedly waived its argument against this Court's jurisdiction. Reply at 6-7. X Corp. not only served timely written objections that this is not the proper Court to hear this matter, but also explained several times during meet and confer discussions with Petitioner that this Court does *not* have jurisdiction over X Corp. Petitioner never stated during those meet and confer efforts that he believed X Corp. had waived such an objection. Undersigned counsel can attest to this, including that those discussions were had before Petitioner filed his motion, which makes no mention of any such issue or discussions, and only now, in the Reply brief argues—without citation to any authority—that X Corp.'s conduct waived its objection to personal jurisdiction. *See Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 380 (5th Cir. 2004) (rejecting argument that objection to personal jurisdiction waived; there was no "sandbagging" or active participation in litigation without asserting the objection that could justify such waiver). The Reply's arguments are wrong, and X Corp. will demonstrate that in a surreply if provided the opportunity to file one.

The Reply also relies heavily on a decision from the United States District Court for the Northern District of California in *Agdal*. That decision is inapposite. The anonymous user in *Agdal* did not ask that her or his anonymity be preserved. The anonymous user here, by contrast, has done just that, expressing serious concerns about her or his safety and Petitioner's true intent in seeking to unmask the user. Thus making it all the more important that Petitioner demonstrates that he can satisfy the First Amendment safeguards that exist for, among others, these very reasons.

The circumstances in *Agdal* are also different, as reflected in X Corp.'s opposition brief in that matter and the hearing transcript. Those show that X Corp. opposed the discovery not because of some purported "blanket policy" to require a court order, but because the party that issued the subpoena in *Agdal* sought to unmask an anonymous speaker without explaining what the information would be used for. Indeed, the subpoenaing party failed to explain if the anonymous speaker would be named as a defendant, or what information that speaker could provide that would bear on any issue in the underlying litigation. That is a concern the Court itself echoed at the start

of the *Agdal* hearing, and asking the subpoenaing party to clarify, before going on to issue an order that did not reflect the clarifications made during the hearing itself.[1]

The Reply also accuses X Corp. of improper delay but makes no mention of the extensive phone calls and emails between the parties seeking to resolve this, nor Petitioner's own agreement with X Corp.'s counsel to pursue this matter in Texas. Petitioner's characterizations of the discussions on these issues are misleading at best, and it is Petitioner who reneged on agreements he made during the meet and confer process, thus necessitating unnecessary expenditures of this Court's and X Corp.'s resources in connection with the motion. X Corp.'s surreply (if permitted) will explain the true facts and include affidavits from undersigned counsel and emails with Petitioner substantiating those exchanges.

Lastly, the Reply also attempts to include a "motion to transfer" in its final page, on the premise that it could save Petitioner "unnecessary costs." That has not been the subject of a properly noticed motion, and X Corp. has no opportunity to fully respond yet again. Moreover, pursuing this matter in the Northern District of Texas is precisely what Petitioner agreed to do on several occasions before reneging on that agreement.

X Corp. should be permitted to fully respond to Petitioner's new arguments, including by submitting affidavits from counsel and emails with Petitioner to provide the Court with a full record. X Corp. respectfully requests leave to do so if this Court is inclined to consider any of the new arguments asserted in Petitioner's Reply.

X Corp. thus requests that it be provided five business days from the date of any order from this Court **or alternatively until the next available submission date** to file a surreply (separate from this motion for leave), which surreply would be no more than five pages in length, excluding any caption page, table of authorities, table of contents, or exhibits.

---

[1] X Corp. is happy to submit the hearing transcript with its proposed surreply brief if helpful to the Court.

Dated: August 4, 2025

Respectfully submitted,

*/s/ Valerie Theng Matherne*
**VALERIE THENG MATHERNE (LSBA #25898)**
**CHLOE L. KRAKE (LSBA #41301)**
**COURINGTON, KIEFER, SOMMERS,**
**MATHERNE & BELL, L.L.C.**
P. O. Box 2350
New Orleans, LA 70176
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile:  (504) 524-7887
Email:   vmatherne@courington-law.com
          ckrake@courington-law.com

**AND**

**MCDERMOTT WILL & SCHULTE LLP**

By:   */s/ J. Jonathan Hawk*
      J. Jonathan Hawk (SBN 254350)
      (admitted *pro hac vice*)
      Ari Swazer (SBN 359884)
      (admitted *pro hac vice*)
      2049 Century Park East, Suite 3200
      Los Angeles, CA 90067-3206
      Telephone: (310) 277-4111
      Facsímile:  (310) 277-4730
      jhawk@mwe.com
      aswazer@mwe.com

      *Attorneys for Respondent X Corp.*