# Exhibit B



mwe.com

Jon Hawk
Attorney at Law
jhawk@mwe.com
+1 310 788 4181

June 2, 2025

jreeves@mmkfirm.com (jreeves@mmkfirm.com)
Melchiode Marks King LLC
639 Loyola Avenue
Suite 1800
New Orleans, LA 70113

**Re:**    *In re DMCA 512(h) Subpoena to X Corp.,* **No. 2:25-mc-00474 L(2) (United States District Court for the Eastern District of Louisiana)**

Dear Counsel:

We represent X Corp. We are in receipt of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") that you served in connection with the above-referenced action on behalf of James Reeves. ("Reeves").  In accordance with the Federal Rules of Civil Procedure (each, a "Rule"), X Corp. responds to the Subpoena and the document request ("Request") in the Subpoena as follows:

<u>**General Objections**</u>

1.    The following responses are based on information currently available to X Corp. These responses are given without prejudice to X Corp.'s right to produce or rely on subsequently discovered information.

2.    X Corp. objects to each Request to the extent it seeks documents not in X Corp.'s possession, custody, or control.

3.    X Corp. objects to all definitions, instructions, and Requests that purport to impose obligations on X Corp. that are different from, in addition to, or greater than those set forth in the Federal Rules of Civil Procedure.

4.    X Corp. objects to the Subpoena on the basis that this is the improper forum to bring this action. X Corp. is headquartered in Bastrop, Texas, and thus, this action is more properly brought there.

5.    X Corp. objects to the Subpoena to the extent it calls for information to be produced in a form or manner other than that kept by X Corp. in the usual course of its business.

6.    X Corp. objects to the extent the Requests call for materials protected by the attorney client privilege, work product doctrine, confidentiality, trade secrets, or any other privilege or protection.

June 2, 2025
Page 2

7.  X Corp. objects to the Requests to the extent they exceed the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq*. ("SCA"), and to the extent they seek the content of a user's electronic communications, such as messages, posts, comments, photos, or videos, because such a request is barred by the SCA.  The SCA does not permit private parties to compel production of the content of a user's electronic communications from service providers such as X Corp. by service of a subpoena or court order, and there is no exception for civil discovery demands.  18 U.S.C. §§ 2702(a)(1), (2); 2702(b)(1)-(8); *see also Suzlon Energy Ltd. v. Microsoft Corp*., 671 F.3d 726, 730 (9th Cir. 2011) (holding that non-governmental entities may not obtain communications content with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect."); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441-47 (2006) (holding that the SCA bars civil litigants from obtaining communications content from a service provider).  Such requests must be directed to the user or other non-provider entities.  Active users can log into their accounts at any time to preserve, collect, produce, and authenticate their account contents.  Various tools are available to help users access and download their information.  Descriptions of these tools are available in X Corp.'s Help Center (https://help.X Corp..com/en/managing- your-account/accessing-your-X Corp.-data).

8.  X Corp. further objects to the Requests because the materials you provided do not satisfy the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker. *See Smythe v. Does 1-10*, No. 15- mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) (denying the motion to enforce a subpoena against X Corp. where movant failed to overcome user's First Amendment right to anonymous speech).  Before a subpoena can issue to a service provider like X Corp. for information regarding the identity of an anonymous internet user, the party seeking the information must first "persuade[] the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005)); *see also Krinsky v. Doe 6*, 159 Cal. App. 4th 1154 (2008) (explaining that a plaintiff seeking to unmask an anonymous speaker must (1) make a reasonable effort to notify the defendant that they are the subject of a subpoena; (2) make a prima facie showing of the elements of defamation; and (3) make clear to the court that the discovery of defendants' identity is necessary to pursue plaintiff's claim).  These same safeguards apply in the context of DMCA subpoenas. *See, e.g.*, *In re DMCA § 512(H) Subpoena to Twitter, Inc*., 608 F. Supp. 3d 868, 876-79 (N.D. Cal. June, 21, 2022) ("*Bayside*") (citing *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011)); *Baugher v. GoDaddy.com LLC*, 2021 WL 4942658, at *2-3 (D. Ariz. Oct. 22, 2021).  The materials you have provided do not satisfy these requirements.

9.  These general objections shall apply to each response, and the general objections shall be deemed as continuing as to each Request and are not waived, or limited, by X Corp.'s specific objections and responses.

10.  X Corp. reserves the right to amend, supplement, or otherwise modify its responses and interpose objections not asserted herein.  X Corp.'s failure to include any objection to the Requests or any



June 2, 2025
Page 3

particular definition is neither intended as, nor shall in any way be deemed, a waiver of X Corp.'s right to assert that or any other objection.

## Specific Responses and Objections

**Request No. 1**:

Full legal name, Physical address, Email address(es), IP address(es) used to post the infringing content, Account creation date, Any other identifying information reasonably necessary to identify and contact the Infringer.

## Alleged Infringing Account:

- @BasedSolutions1

**Response to Request No. 1**:

In addition to the foregoing objections, X Corp. objects to the terms "any other identifying information," and "reasonably necessary" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Subpoena to the extent that it calls for confidential, personal, private, and/or protected information.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Request to the extent that the materials provided do not satisfy the requisite First Amendment safeguards.

X Corp. further objects to this Request as overbroad because X Corp. either does not understand your need for the requested data, or does not believe your request to be appropriately limited to data necessary or relevant for your litigation.

X Corp. objects to the Subpoena to the extent that it seeks deleted content because, to the extent any such data exists, it is not reasonably accessible. *See United States v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 3111972, at *3-7 (N.D. Ill. Oct. 21, 2005) (restoration of deleted content constitutes an "undue burden," and nonparties are not subject to the significant burden of restoring such data).

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce information in response to this Request.

//



June 2, 2025
Page 4

*    *    *

Based on at least the foregoing objections, X Corp. will not be producing any data in response to your Subpoena.  Please do not hesitate to contact me if you have any questions.  X Corp. otherwise preserves and does not waive any other available objections or rights.


Sincerely,

Jon Hawk

McDermott
Will & Emery

# Exhibit C

**Hawk, Jon**

| | |
|---|---|
| **From:** | James J. Reeves <JREEVES@MMKFIRM.COM> |
| **Sent:** | Wednesday, July 2, 2025 11:38 AM |
| **To:** | Hawk, Jon; Swazer, Ari |
| **Cc:** | Lang, Erica; Mandi L. Rankin |
| **Subject:** | Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1 |

**[ External Email ]**

Jon,

I had hoped that my last couple of emails made my perspective clear, but perhaps my efforts to be non-confrontational about the issue have created ambiguity. To clarify plainly, I've found that when X has asked me to make accommodations, such as continuing the hearing on the motion to compel or considering a refiling in Texas, the tone has been polite and professional (setting aside your threat to pursue sanctions against me for proceeding in Louisiana). In contrast, when I've asked for fairly routine courtesies, such as consenting to a motion to continue that X requested, accepting service via email, transmitting a cease-and-desist notice to your client, or getting some movement on the ongoing copyright violations, I'm ignored, or met with a combative response like Ari's email on June 17. That email, specifically, helped me realize that the cooperative dynamic I'd hoped for after our call isn't there, and that continuing to rely on informal assurances from X would be unwise.

I hope that provides a clear explanation as to why I've concluded that re-filing this subpoena in Texas at X's request appears precarious for me. While I was previously open to the idea, communication before, after, and even some things said during our call indicate to me that X is unlikely to be any more cooperative in that forum than in this one, while I bear additional expense, delay, and duplicative proceedings. And as previously stated, 17 U.S.C. § 512(h)(1) specifically allows "any United States district court to issue a subpoena" to identify an infringing party – Louisiana is a proper forum.

I'll be out of the office the rest of the day in appointments and leave for Hokkaido first thing tomorrow morning. I'll try to stay reasonably responsive, though I expect limited connectivity during parts of the trip, and I'll be a half-a-day ahead.

I hope the family medical situation you were dealing with will resolve itself and that you have a great Independence Day weekend.

- James

## James J. Reeves
**Member**
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:    504-336-2880
Fax:    504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Hawk, Jon <jhawk@mwe.com>
**Date:** Tuesday, July 1, 2025 at 1:04 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>, Swazer, Ari <Aswazer@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>, Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** RE: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

James, we're trying to understand what look like shifting positions, and see if we can work out a path forward like we did last time on what we think was a productive call. I was out of pocket last week, and am now back online.

JON HAWK
Partner
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 4181    **Mobile** +1 626 755 1400    **Email** jhawk@mwe.com
**Website** | **vCard** | **Twitter** | **LinkedIn**

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Sent:** Monday, June 30, 2025 3:47 AM
**To:** Swazer, Ari <Aswazer@mwe.com>; Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

[ External Email ]
Ari,

First and foremost, I'm sorry to hear about Mr. Hawk's family medical issues and I hope that it's nothing too serious.

I'm out of the office from July 2 afternoon through July 13 for the holiday. Even so, I recall that we spoke for an hour or more about this case and I am aware of X's position. If there's something new to discuss or if you have a solution to the X copyright issues, I am glad to block time in my schedule for a call on Monday afternoon or Wednesday morning. However, if we're re-hashing the same issues, that might best be handled through an opposition to my motion to compel.

Would you be willing to tell me what the purpose of the call would be? Just trying to be respectful of everyone's time.

Sent via Outlook for iOS, most likely using dictation and/or an iPhone keyboard with autocorrect. Please excuse any typographical errors.

## James J. Reeves
**Member**
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:    504-336-2880
Fax:    504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Swazer, Ari <Aswazer@mwe.com>
**Sent:** Friday, June 27, 2025 6:17:03 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>; Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** RE: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

Hi James,

Please let us know your availability for a call sometime around the middle of next week? Jon is unavailable sooner while attending to family medical concerns.

Thanks,
Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP** 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057    **Email** aswazer@mwe.com
**Website** | **vCard** | **LinkedIn**

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Sent:** Tuesday, June 24, 2025 11:51 AM
**To:** Swazer, Ari <Aswazer@mwe.com>; Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

**[ External Email ]**
Just to clarify, I am not planning to refile this in N.D. Tex. As stated in my prior message, I'm continuing the EDLA hearing to August 6 to give X more time to respond, and will proceed accordingly. I wanted to make sure there's no confusion on that point.

## James J. Reeves
**Member**
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:    504-336-2880
Fax:    504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Swazer, Ari <Aswazer@mwe.com>
**Date:** Tuesday, June 24, 2025 at 4:54 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>, Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>, Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** RE: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

Hi James,

We appreciate your willingness to continue working together to resolve this productively by moving the hearing and pursuing this in N.D. Tex.

We are still awaiting feedback regarding the issues you raised with the account @Interesting_ail. As I'm sure you can appreciate, resolving the pending hearing in E.D. LA was, up to this point, the priority for X Corp. We will follow up on that front as we hear more.

Thanks,
Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057    **Email** aswazer@mwe.com
**Website | vCard | LinkedIn**

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Sent:** Monday, June 23, 2025 11:05 PM
**To:** Swazer, Ari <Aswazer@mwe.com>; Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

**[ External Email ]**
See courtesy copy of the order resetting the hearing on the motion to compel for August 6.

## James J. Reeves

**Member**
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:    504-336-2880
Fax:    504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

---

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Date:** Thursday, June 19, 2025 at 4:39 PM
**To:** Swazer, Ari <Aswazer@mwe.com>, Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>, Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

Ari,

I agreed to collaborate with X to resolve this issue, but what I've experienced so far has not been collaboration. On our call, you asked me to refile in Texas because X prefers that all DMCA requests go through its local forum. I agreed to consider doing so, but at the same time, I requested only a few reasonable accommodations: That X waive formal service of pleadings, that your firm discuss with X solutions about the ongoing copyright violations on its platform, and that you transmit a cease-and-desist letter I sent you to X concerning that ongoing infringement. X has ignored each of these modest requests, and is now appearing to insist on formal service of a motion and a continuance that X itself requested. This is not "collaborative."

I'm simply asking for some understanding from your client. X is actively shielding accounts engaged in blatant copyright infringement, and multiple DMCA reports have gone unanswered. Meanwhile, I've made repeated efforts to work with you in good faith, even after being threatened by Mr. Hawk with sanctions for filing this subpoena request in Louisiana – process that is plainly authorized by law. X has taken no steps to resolve the issue at the heart of this matter and has fought me every step of the way to obtain redress against infringing users, yet continues to demand accommodations from me without offering any in return. To boot, nearly every email I've received from yourself or Mr. Hawk has been combative. I cannot trust that X will act in good faith even if I accommodate every one of its requests. Based on the posture your client has taken to date and my interactions with its counsel, I have no reason to believe that refiling in Texas will yield a different outcome, while I incur more expense and delay.

As it relates to EDLA being a proper forum for issuance of this subpoena, 17 U.S.C. § 512(h)(1) expressly provides "[a] copyright owner or a person authorized to act on the owner's behalf may request the clerk **of** *any* **United States district court** to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection." While I was willing to refile in Texas in the spirit of cooperation, the statute imposes no such requirement, and I have yet to receive any reciprocal effort or professional courtesy of any kind from your client or your offices. It now appears that we'll be repeating

this same process over again with regard to the current infringement detailed in the C&D that X has again refused to address, anyways.

Notwithstanding the foregoing and considering our conversation about the issue, I will move to continue the hearing to July 30 without mentioning X or its counsel to avoid needless argument over X's implicit consent to service of a pleading via email. I will serve X formally with the Motion to Compel and the Motion to Continue, and copy you with the latter.

Thanks for your email.

## James J. Reeves
### Member
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:     504-336-2880
Fax:    504-336-2342
Direct:  504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Swazer, Ari <Aswazer@mwe.com>
**Date:** Tuesday, June 17, 2025 at 9:07 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>, Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>, Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** RE: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

James,

We have no issue with you moving the hearing date. That was what we discussed so we could try to work this out. But as to whether X "opposes," we haven't appeared in the case. And related to the below, we don't want to give the incorrect implication that X has been properly served or that we agreed to accept service (we didn't). Phrasing it as "X doesn't oppose"—without caveat—we think gives an incorrect implication. If you want to say that X maintains it has not been properly served but has indicated it has no issue with moving the hearing date, that's fine.

As for service, that's not what we agreed to. We're trying to work collaboratively here, but this is troubling. First, we've *never* consented to service. Rule 5 is clear that there needs to be written consent to service. Neither we nor X have done that. Second, you've agreed several times in no uncertain terms to continue the hearing date so we can try to work this out. We're surprised that you're now conditioning something you've already agreed to on us accepting service. Again, this is trouble and is not the collaborative approach we're trying to take. We need you to do what you agreed – move the hearing date, and pursue this is the ND of Texas.

Best,
Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3606
**Tel** +1 310 788 6057   **Email** aswazer@mwe.com
Website | vCard | LinkedIn

---

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Sent:** Tuesday, June 17, 2025 9:45 AM
**To:** Swazer, Ari <Aswazer@mwe.com>; Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

==[ External Email ]==
Ari,

If I move to re-set for 7/30:

1. Will X object to the attached motion (I would certainly think not, but I want to confirm) and;
2. Will X consent to service of the motion to reset and motion to compel via email?

   After our conversation regarding service of the motion, I looked into the issue. Emailing the prior motion and hearing date should satisfy Rule 5 as "any other electronic means" consented to, since the written objections were sent to me via email, and I responded with an email containing the motion and submission date. Thus, email should suffice for service, however, I want to avoid arguing over that by asking X to expressly accept service of the motion to compel and this motion to continue via email.

Thanks in advance -

## James J. Reeves
### Member
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:     504-336-2880
Fax:     504-336-2342
Direct:  504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

---

**From:** Swazer, Ari <Aswazer@mwe.com>
**Date:** Tuesday, June 17, 2025 at 11:35 AM

**To:** James J. Reeves <JREEVES@MMKFIRM.COM>, Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>, Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** RE: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1
Hi James,

Per the below, it appears to us that the hearing is set for 6/25. Can you send confirmation that it has been re-set?

2:25-mc-004/4-EEF-DPC In re: DMCA 512(h) Subpoena to X Corp.
Eldon E. Fallon, presiding
Donna Phillips Currault, referral
**Date filed:** 03/11/2025
**Date of last filing:** 06/10/2025

## Deadlines/Hearings

| Doc. No. | Deadline/Hearing | Event Filed | Due/Set | Satisfied | Terminated |
|---|---|---|---|---|---|
| 15 | 🌐 Motion Submission Date | 06/10/2025 | 06/25/2025 | | |

| PACER Service Center |
|---|

Thanks,
Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057    **Email** aswazer@mwe.com
Website | vCard | LinkedIn

---

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Sent:** Tuesday, June 17, 2025 8:12 AM
**To:** Swazer, Ari <Aswazer@mwe.com>; Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

**[ External Email ]**
Ari,

It technically has not been set for hearing; we just requested that date, so we can't continue it through the usual process.

Ms. Rankin is going to re-set it for the last hearing in July ASAP depending on if Judge Fallon is handling it or if a magistrate is handling.

Sent via Outlook for iOS, most likely using dictation and/or an iPhone keyboard with autocorrect. Please excuse any typographical errors.

# James J. Reeves

**Member**
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:      504-336-2880
Fax:      504-336-2342
Direct:  504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

---

**From:** Swazer, Ari <Aswazer@mwe.com>
**Sent:** Tuesday, June 17, 2025 11:05:59 AM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>; Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** RE: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

Hi James,

We note that the hearing for the pending Motion in E.D. LA is still on calendar. Can you please confirm, as you stated on our calls, that you will take that hearing off calendar while we work together on a path forward here?

Regarding the "Interesting…" account, we are still awaiting feedback from X Corp.

Thanks,
Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057    **Email** aswazer@mwe.com
**Website** | **vCard** | **LinkedIn**

---

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Sent:** Friday, June 13, 2025 1:47 PM
**To:** Swazer, Ari <Aswazer@mwe.com>; Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

**[ External Email ]**
Ari and Jon,

On our call, I forgot to follow up on the "Interesting as Fuck" C&D letter as well. Did you bring that up with your contact at X? I am planning on following through with that DMCA and, likely, lawsuit, and as we sit here today, the video is up in spite of 3 DMCA reports.

Please let me know if that was addressed.

## James J. Reeves
**Member**
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:     504-336-2880
Fax:     504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Swazer, Ari <Aswazer@mwe.com>
**Date:** Friday, June 13, 2025 at 2:23 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>, Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>, Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** RE: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1
Hi James,

Thanks for speaking with us today. As discussed, attached is a sample of a publicly filed DMCA Petition for your reference. In addition to the Petition itself, we have typically seen counsel file a declaration with the petition attesting that the purpose for which the subpoena is sought is solely for protecting their rights under the DMCA.

Please let us know if you have any questions.

Thanks,
Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057    **Email** aswazer@mwe.com
Website | vCard | LinkedIn

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Sent:** Thursday, June 12, 2025 3:43 PM
**To:** Swazer, Ari <Aswazer@mwe.com>; Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

[ External Email ]
No problem. I will be driving from Florida to New Orleans in the morning, but I should be there before 9am your time.

Thanks, Ari-

## James J. Reeves
### Member
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:    504-336-2880
Fax:    504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Swazer, Ari <Aswazer@mwe.com>
**Date:** Thursday, June 12, 2025 at 5:09 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>, Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>, Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** RE: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1
Hi James,

Apologies, Jon was pulled away, but is available tomorrow morning if that works for you? Please let me know and I will send over a calendar invite.

Thanks,
Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057   **Email** aswazer@mwe.com
Website | vCard | LinkedIn

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Sent:** Thursday, June 12, 2025 12:54 PM
**To:** Swazer, Ari <Aswazer@mwe.com>; Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

[ External Email ]
Ari,

Yes. I'm at my desk for the rest of the day, please give me call at 504-383-5572 when you have a moment.

## James J. Reeves
**Member**
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:    504-336-2880
Fax:    504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Swazer, Ari <Aswazer@mwe.com>
**Date:** Thursday, June 12, 2025 at 1:11 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>, Hawk, Jon <jhawk@mwe.com>
**Cc:** Lang, Erica <Elang@mwe.com>, Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** RE: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

Hi James,

We heard back from X Corp. regarding our discussions from our call yesterday. Do you have a moment to discuss today?

Thanks,
Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057   **Email** aswazer@mwe.com
**Website** | **vCard** | **LinkedIn**

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Sent:** Tuesday, June 10, 2025 1:40 PM
**To:** Hawk, Jon <jhawk@mwe.com>
**Cc:** Swazer, Ari <Aswazer@mwe.com>; Lang, Erica <Elang@mwe.com>; Mandi L. Rankin <MRANKIN@MMKFIRM.COM>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

**[ External Email ]**
Jon,

This is still vague to me – you and your client had 3 weeks to "lay it out," and you did, in writing. If you were asking for an extension of time to comply with the subpoena, that would be one thing I'd be glad to do, but this appears to be just explaining that you're going to explain what you've already sent – it's just a bizarre request that seems

pretextual and facially dilatory. I'll apologize to you if I've misjudged, but as we sit here, it seems unusual to request that I delay filing a motion until I get an explanation of what is a very clear and unequivocal refusal to respond to a very simple subpoena.

Also, either you misunderstood or I was unclear: When I said "I'm certain that we could have had this conversation in the time it took you to write these emails", I was observing that we probably could have spoken **in lieu of** the emails yesterday, not via, considering how much time was probably spent on emailing back and forth.

I am still amenable to discussing and withdrawing the attached motion to compel, which was filed today, if we can reach an understanding or resolution. I am tied up on conference calls from 1:00P-3:00P CST but free enough outside of that, either before or after. I am looking forward to finally speaking about this person-to-person. Again, I'm not trying to antagonize you or your client here, but the emails probably don't help rebutting that impression.

Thanks, Jon-

## James J. Reeves
### Member
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:     504-336-2880
Fax:     504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Hawk, Jon <jhawk@mwe.com>
**Date:** Monday, June 9, 2025 at 8:53 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Cc:** Swazer, Ari <Aswazer@mwe.com>, Lang, Erica <Elang@mwe.com>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1
James, we will lay out our questions and concerns for your input/feedback on Wednesday. I don't want to lose context nor completeness in trying to lay it out via email, and waiting a couple days poses no downside. I disagree that we could have resolved via our emails today. I was attempting to organize a productive process (and asking for the courtesy of waiting to speak until I get back from this business trip) while in between engagements and in public places/transit where I could not (and still cannot) speak on the phone.

Wednesday morning before 11 am pacific is flexible if you want to pick a time.

JON HAWK
Partner
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 4181   **Email** jhawk@mwe.com
**Website** | **vCard** | **Twitter** | **LinkedIn**

On Jun 9, 2025, at 6:21 PM, James J. Reeves <JREEVES@mmkfirm.com> wrote:

**[ External Email ]**

Jon,

I haven't demanded anything, and I'm certain that we could have had this conversation in the time it took you to write these emails.

I should again note that this wasn't an ambush or "less than 24 hours" notice to comply. Your client's response to a very narrow, reasonable request was due today per the Court's order, and your client has had since May 19 to provide it. They are flat-out refusing to do so, and now you are villainizing me for not giving you more additional time to, I suppose, explain three pages of shotgun objections over the phone. I don't understand what the point of this conversation would be, to be honest with you, and it's not required by the rules – I was just amenable to having it because you requested it, and I still am.

If you're telling me your client is willing to provide the requested information, or if you can explain the point of having this call, I'm glad to wait until Wednesday, but at the present moment, I don't understand what you're asking me to discuss with you. If you can please elaborate (or just call me when you get a minute), then I am glad to reconsider. If you client is going to comply and needs more time to provide the information, I don't have a problem with that at all and I'll give you what you need as long as you confirm your client will comply in writing.

I don't want to file a motion to compel, and I certainly don't want to bother the court with this, but at the same time, I'm not going to waive my right to compel these responses by agreeing to an open-ended extension of time for no articulated reason. I don't think that's unreasonable.

## James J. Reeves
### Member
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*
639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:     504-336-2880
Fax:     504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Hawk, Jon <jhawk@mwe.com>
**Date:** Monday, June 9, 2025 at 4:58 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Cc:** Swazer, Ari <Aswazer@mwe.com>, Lang, Erica <Elang@mwe.com>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

James, I cannot rearrange my work schedule because you demand a call now. I'll also note that I understand you did not leave any voice message when you called last week and, until your emails now, we didn't connect a missed call without a voice message to this matter.

I agree emails tend to escalate, and I can speak Wednesday, which is on reasonable notice to allow me to arrange my calendar accordingly.

If you want to rush into court before then, please attach this email to show the court what really happened - that you didn't connect with us until this morning and demanded a same day production or that I rearrange my schedule with other clients to speak with you the same day, and you would not wait until Wednesday.

JON HAWK
Partner
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 4181   **Email** jhawk@mwe.com
Website | vCard | Twitter | LinkedIn

> On Jun 9, 2025, at 5:54 PM, James J. Reeves <JREEVES@mmkfirm.com> wrote:

> Some people who received this message don't often get email from jreeves@mmkfirm.com. Learn why this is important

**[ External Email ]**
Jon,

I disagree with your characterization of your client's objections and the discourse related to it, including the eight-word "offer to speak," but as you are likely aware, back-and-forth emails often escalate rather than de-escalate a dispute. I am available now and I will make myself available for the next few hours (I'm on central time at the moment, and I understand you are on PST) if you'd like to discuss. 504-383-5572 is my cell. I just left Ari a VM about 15 minutes ago.

## James J. Reeves
### Member
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*
639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:     504-336-2880
Fax:     504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Hawk, Jon <jhawk@mwe.com>
**Date:** Monday, June 9, 2025 at 4:44 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Cc:** Swazer, Ari <Aswazer@mwe.com>, Lang, Erica <Elang@mwe.com>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1
James,

I'm traveling and in/out of client meetings. As Ari offered, I can speak Wednesday after I return to LA.

To be clear, our written responses were timely, are well grounded and warrant discussion. That can't efficiently be done by email. You are mischaracterizing our responses, and improperly accusing us of delay (which is simply wrong), without speaking with us to better understand our positions, despite our multiple offers to speak.

I see no reason to rush to burden the court with this without speaking first and trying to understand our concerns, particularly since I'm out of the office on business and have been since Sunday night. But it is your decision to do that if that's the route you take, and the email traffic speaks for itself.

Jon

JON HAWK
Partner
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 4181    **Email** jhawk@mwe.com
Website | vCard | Twitter | LinkedIn

> On Jun 9, 2025, at 5:22 PM, James J. Reeves <JREEVES@mmkfirm.com> wrote:

> Some people who received this message don't often get email from jreeves@mmkfirm.com.
> this is important

**[ External Email ]**
Ari,

You know as well as I do that characterizing this as a "less than 24 hours" request is disingenuous. X Corp. was served with a court-authorized subpoena on May 19, 2025. It has now been over three weeks without compliance. Your firm waited until one week before the response deadline to assert blanket objections that are legally unsupported, despite the subpoena's clear and narrowly tailored scope.

I assume you also received my OOO message on June 2. I nonetheless called your office last week and responded to your correspondence first thing this morning upon returning to my desk. In other words, X Corp. has had every opportunity to raise its objections earlier and I have responded to your objections promptly. These generic, boilerplate objections could have been copied and pasted on May 20.

Moreover, I am not aware of any meet-and-confer requirement under Rule 45 before moving to compel a nonparty. Even if there were, your May 31 email was 8 words long: "Please see attached. We are available to discuss." This hardly qualifies as a meaningful invitation to resolve the dispute, particularly in light of your complete refusal to produce any responsive information.

We plan to file our motion to compel tomorrow if the information is not produced by today's deadline. While we remain willing to confer on June 11, I'm concerned that, given your client's flat refusal, this is merely a delay tactic and not a sincere effort to resolve the issue.

Finally, as a courtesy, we again ask that you forward the cease-and-desist letter to the appropriate internal contact at X Corp., as it relates to the same infringing conduct and potential exposure now at issue.

## James J. Reeves
### Member
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*
639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:      504-336-2880
Fax:     504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Swazer, Ari <Aswazer@mwe.com>
**Date:** Monday, June 9, 2025 at 3:55 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Cc:** Hawk, Jon <jhawk@mwe.com>, Lang, Erica <Elang@mwe.com>
**Subject:** RE: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

Counsel,

We offered to meet and confer in our email to you last week.  You have not taken us up on that. Instead, you demand that X Corp. produce documents in less than 24 hours, without offering any discussion to explore whether issues raised in our objections could be resolved. That is not a good faith meet and confer process.

We are still willing to discuss, but our team is traveling for work until mid-week. We are available to meet this Wednesday, 6/11. Please let me know if that date works for you and any time constraints, and I will send over a calendar invite.

Additionally, please note that we are not authorized to accept the cease-and-desist letter you sent earlier today, 6/9 on behalf of X Corp.

Best,
Ari



ARI SWAZER
Associate
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057    **Email** aswazer@mwe.com
Website | vCard | LinkedIn

---

**From:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Sent:** Monday, June 9, 2025 10:21 AM
**To:** Swazer, Ari <Aswazer@mwe.com>
**Cc:** Hawk, Jon <jhawk@mwe.com>; Lang, Erica <Elang@mwe.com>
**Subject:** Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

Some people who received this message don't often get email from jreeves@mmkfirm.com. Learn why this is important

**[ External Email ]**
Ms. Swazer,

Please see the attached cease and desist relative to another current infringing use of this content.

## James J. Reeves
### Member
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*
639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:     504-336-2880
Fax:     504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com
MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

---

**From:** Swazer, Ari <Aswazer@mwe.com>
**Date:** Monday, June 2, 2025 at 3:27 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Cc:** Hawk, Jon <jhawk@mwe.com>, Lang, Erica <Elang@mwe.com>
**Subject:** Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

You don't often get email from aswazer@mwe.com. Learn why this is important

Counsel,

Please see attached. We are available to discuss.

Best,
Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP** 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057    **Email** aswazer@mwe.com
**Website** | **vCard** | **LinkedIn**

*************************************************************************************
*********************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*************************************************************************************
*********************************

Please visit http://www.mwe.com/ for more information about our Firm.

# Exhibit D

**Swazer, Ari**

---

| | |
|---|---|
| **From:** | James J. Reeves <JREEVES@MMKFIRM.COM> |
| **Sent:** | Monday, June 9, 2025 7:03 AM |
| **To:** | Swazer, Ari |
| **Cc:** | Hawk, Jon; Lang, Erica; Mandi L. Rankin |
| **Subject:** | Re: Records Request to X Corp - DMCA Subpoena: @BasedSolutions1 |

**[ External Email ]**

Counsel,

We are in receipt of your June 2, 2025, response refusing to produce any information responsive to the court-authorized subpoena issued pursuant to 17 U.S.C. § 512(h). This refusal is improper, unsupported by law, and in clear violation of X Corp.'s obligations under the Federal Rules of Civil Procedure.

As you are certainly aware, a DMCA subpoena issued under Section 512(h) does not require a pending lawsuit, and courts have repeatedly rejected efforts to superimpose First Amendment and Stored Communications Act ("SCA") arguments to avoid compliance. The Eastern District of Louisiana found our request valid and issued the subpoena based upon the conduct described, and indeed, X removed the content subsequent to a DMCA report. A prima facie showing has been made and thus, reliance on *Smythe*, *Bayside*, and other inapposite authorities does not override the Court's order.

Moreover, the subpoena expressly and solely seeks basic subscriber information, including the name, email, IP address(es), and account creation date for @BasedSolutions1. This is information that is routinely produced under 17 U.S.C. § 512(h) and is not protected by the SCA. This is not "content" shielded from disclosure under the SCA, but it is very likely that you are aware of that already and it appears this objection (among others) is made in bad faith.

Your blanket refusal to comply with a court order places X Corp. in violation of Rule 45(e) and exposes it to a motion to compel, along with a potential award of attorneys' fees and costs. We will file that motion tomorrow if responsive information is not produced by the court's deadline today, June 9.

To be clear, this account reposted original copyrighted video content without authorization and refused to take it down despite multiple requests. X eventually removed this content subsequent to a DMCA takedown request after itself verifying that the content was in violation of the DMCA. Therefore, a prima facie showing of violative conduct has been made, and the only information sought is basic subscriber information - not "content" or communications. As a prima facie showing of infringing conduct has been made under the DMCA, and as the undersigned does not seek information protected by the SCA, the DMCA, First Amendment, and SCA-based objections raised by X merely serve to obstruct lawful process, compounding the damage caused by one of X's users and eliminating any pretense of good faith.

Finally, your client should be aware that its repeated past failures to timely respond to valid DMCA takedown requests as it relates to the content at issue here - particularly in favor of high-follower accounts that clearly and flagrantly repost copyrighted content - establish a troubling pattern. The facts here, including this refusal to produce basic account information from a blatant, knowing, and unrepentant content thief, suggest not just acquiescence, but potential complicity in protecting, if not condoning, this conduct **all while paying the infringing accounts for engagement generated from copyrighted content**. The undersigned can produce numerous examples of X taking days, weeks, and even months to remove the video at the heart of this subpoena when reposted by large X accounts since November 2024. If that pattern continues, X should consider that it may be exposing itself to liability as a potential defendant.

We urge you to reconsider your position and produce the requested subscriber information today.

Thanks in advance for your consideration -

## James J. Reeves
**Member**
Attorney at Law
*Licensed in Alabama, Louisiana, Mississippi and Florida*



639 Loyola Avenue | Suite 1800
New Orleans, LA | 70113
Tel:    504-336-2880
Fax:    504-336-2342
Direct: 504-336-2464
JREEVES@MMKFIRM.COM
www.mmkfirm.com

MAY CONTAIN CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION
DO NOT FORWARD WITHOUT PERMISSION

**From:** Swazer, Ari <Aswazer@mwe.com>
**Date:** Monday, June 2, 2025 at 3:27 PM
**To:** James J. Reeves <JREEVES@MMKFIRM.COM>
**Cc:** Hawk, Jon <jhawk@mwe.com>, Lang, Erica <Elang@mwe.com>
**Subject:** Records Request to X Corp - DMCA Subpoena: @BasedSolutions1

You don't often get email from aswazer@mwe.com. Learn why this is important

Counsel,

Please see attached. We are available to discuss.

Best,
Ari

ARI SWAZER
Associate
**McDermott Will & Emery LLP**  2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
**Tel** +1 310 788 6057    **Email** aswazer@mwe.com
**Website | vCard | LinkedIn**

*******************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*******************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.